IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.09-cv-02181-PAB-CBS

IWAPI, INC.,

    Plaintiff,

v.

PHILLIP M. MALDONADO, a/k/a/ MARK MALDONADO, an individual,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

---

**I. BACKGROUND**

    **A. Introduction**

Plaintiff IWAPI, Inc. filed the present case on September 11, 2009, asserting three claims against defendant Philip M. Maldonado: (1) "Declaration of Non-Inventorship of Maldonado to IWAPI Patents/Applications"; (2) "Declaration of Non-Use of Confidential Maldonado Information in IWAPI Products"; and (3) "Declaration of Non-Liability for Breach of Alleged Agreement." *See* Compl. for Declaratory J. [Docket No. 1] at 6-7. On October 20, 2009, IWAPI filed a return of service indicating that Mr. Maldonado was personally served with the summons, complaint, and other papers in this case on October 18, 2009 [Docket No. 9]. The summons indicated that Mr. Maldonado had twenty days within which to answer the complaint. *See* Fed. R. Civ. P. 12(a) (version effective until December 1, 2009). Mr. Maldonado has not filed an answer, otherwise responded to this lawsuit, or appeared in

any way before the Court in this case. On November 10, 2009, IWAPI filed a motion [Docket No. 11] for default judgment against Mr. Maldonado.

Because Federal Rule of Civil Procedure 55 requires that the Clerk of the Court enter default prior to the issuance of a default judgment, *see Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008), the Clerk interpreted IWAPI's motion to be requesting both entry of default and default judgment. On November 16, 2009, the Clerk entered default against Mr. Maldonado [Docket No. 13]. On December 16, 2009, IWAPI filed a second motion for entry of default and default judgment [Docket No. 15], which points out that Mr. Maldonado still has not appeared but otherwise refers back to the arguments made in the earlier motion. Both motions are now before the Court on the question of whether IWAPI is entitled to default judgment on its three claims against Mr. Maldonado.

### B. Jurisdiction

Upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003); *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010). This is especially true in cases, such as the present one, which request a court to exercise its discretion in issuing declaratory relief.

As with all cases, questions of jurisdiction are paramount. *See Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("When entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."); *see also Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002) (reversing default judgment for lack of personal jurisdiction). IWAPI invokes the Court's subject-matter jurisdiction under 28 U.S.C. §1331 (2006) (federal-question jurisdiction), in conjunction with 28 U.S.C. § 1338(a) (2006) (original jurisdiction over civil actions relating to patents).

"Whether the case originally could have been heard under § 1338 depends on whether the plaintiffs, in a well-pleaded complaint, state a claim which arises under the patent law." *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1571 (Fed. Cir. 1997). "A claim arises under the patent law if patent law creates the cause of action or is a necessary element of one of the well-pleaded claims." *Jim Arnold Corp.*, 109 F.3d at 1571. "[W]e determine whether federal court jurisdiction exists in a case seeking a declaratory judgment by applying the well-pleaded complaint rule not to the declaratory judgment complaint, but to the action that the declaratory defendant would have brought." *Speedco, Inc. v. Estes*, 853 F.2d 909, 912 (Fed. Cir. 1988) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950); *see also Laboratory Corp. of Am. Holdings v. Metabolite Labs., Inc.*, --- F.3d ----, 2010 WL 841200, at *4 (Fed. Cir. 2010). Any claim that Mr. Maldonado would have brought regarding the true inventorship of the patents listed in the complaint implicates and arises under federal

3

patent law. *See Univ. of Colo. Found. v. American Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed. Cir. 1999) (issues of inventorship are exclusively federal in nature); *see also HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co.*, --- F.3d ----, 2010 WL 1223908, at *3-4 (Fed. Cir. 2010). Therefore, the Court's subject-matter jurisdiction over IWAPI's first claim is properly premised upon 28 U.S.C. §§ 1331 and 1338(a).

IWAPI's second and third claims – regarding the use of confidential information in IWAPI's products and potential breaches of contract – do not appear to implicate a federal question by "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331 (2006), including patent law, 28 U.S.C. § 1338(a) (2006). "[T]he mere presence of a patent as relevant evidence to a claim does not by itself present a substantial issue of patent law." *Laboratory Corp. of Am. Holdings*, 2010 WL 841200, at *5. Ostensibly state-law claims must require resolution of a related question of patent law in order to implicate federal jurisdiction under § 1331 and § 1338. *See Laboratory Corp. of Am. Holdings*, 2010 WL 841200, at *5. The disputes described in IWAPI's complaint for declaratory judgment do not demonstrate that this is the case with respect to IWAPI's second and third claims.

IWAPI's complaint also cites the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202 (2006), as a basis for this Court's jurisdiction. However, the Declaratory Judgment Act is not an independent grant of jurisdiction; rather it only provides an additional remedy where the Court's subject-matter jurisdiction is established otherwise. *See Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008). With this being said, "in any civil action of which the district courts have original jurisdiction,

the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (2006). Claims two and three are "so related" to claim one. Therefore, the Court may, and does, exercises its discretion to exert supplemental jurisdiction over these claims. Finally, the Court has personal jurisdiction over Mr. Maldonado because, as the complaint purports, he is a resident of the state of Colorado and the events leading up to this dispute transpired in Colorado.

## C. Factual Background

The facts in the complaint which, by virtue of the entry of default, the Court deems Mr. Maldonado to have admitted for purposes of the present litigation include:

> IWAPI was formed in January 2000 and offers and sells throughout the country a number of products and services. Included within its product offerings are devices to wirelessly collect, display and/or utilize available weather and other environmental condition information. These IWAPI products and systems are used by a number of entities in various environments, including snow plow operators. IWAPI also provides custom software and device design and prototyping services.
>
> IWAPI is the Assignee of a number of issued and pending United States patents and applications. For instance, IWAPI is the Assignee of U.S. Patent No. 7,355,509 ("the '509 Patent") to Rennie et al. The '509 Patent relates to a smart modem device directed generally to collecting information in vehicular and roadside applications and transmitting at least some of this information to a remote server. The named inventors on the '509 Patent are Christopher J. Rennie and Kevin K. Groeneweg.
>
> IWAPI is also the Assignee of U.S. Patent No. 7,572,022 ("the '022 Patent") to Groeneweg. The '022 Patent relates to a safety trailer with a fixed safety wall and semi tractor hookups at both ends. One application of this device would be to provide a movable safety barrier for roadside construction. The sole named inventor on the '022 Patent is Kevin K. Groeneweg.

5

IWAPI is also the Assignee of U.S. Patent Application Publication No. 2006/0044816 ("the '816 Application"). The '816 Application relates to a safety trailer with a fixed safety wall and semi tractor hookups at both ends. The sole named inventor on the '816 Application is Kevin K. Groeneweg.

IWAPI is also the Assignee of U.S. Patent Application Publication No. 2007/0139168 ("the '168 Application"). The '168 Application relates to a smart modem device directed generally to collecting information in vehicular and roadside applications and transmitting at least some of this information to a central data collection and processing facility. The named inventors on the '168 Application are Christopher J. Rennie and Kevin K. Groeneweg.

IWAPI is also the Assignee of U.S. Patent Application Publication No. 2008/0157943 ("the '943 Application"). The '943 Application relates to a smart modem device directed generally to collecting information in vehicular and roadside applications and transmitting at least some of this information to a central data collection and processing facility. The named inventors on the '943 Application are Christopher J. Rennie and Kevin K. Groeneweg.

IWAPI is also the Assignee of U.S. Patent Application Publication No. 2009/0173839 ("the '839 Application"). The '839 Application relates to the use of mobile sensors to collect temperature information for use in controlling rail vehicle speed, acceleration, or scheduling. The named inventors on the '839 Application are Kevin K. Groeneweg and Christopher J. Rennie.

The '509 and '202 Patents, '816, '168, '943 and '839 Applications, and other public and confidential applications are collectively referred to herein as the "IWAPI Patents/Applications."

In 2003, Maldonado approached IWAPI requesting that it first develop concepts for and later a prototype of a product Maldonado was then thinking of having manufactured. IWAPI agreed to perform the requested concept development work for $35,000 and the prototyping work for $250,000. Over the ensuing months, Maldonado made several payments to IWAPI toward the $35,000 concept development work, totaling $17,500. During that time period, IWAPI expended more than $17,500 in time and resources on the concept development work. Maldonado did not make the remaining payments required by IWAPI to undertake the concept development work. That development work project thus terminated by the end of August 2003. No payments were ever made on the prototype project.

In 2003 and 2004, Maldonado stated to representatives of IWAPI that IWAPI breached an oral contract which allegedly related to the concept development work, demanding repayment of the $17,500 originally paid IWAPI. At those times, IWAPI unequivocally stated to Maldonado that Maldonado did not meet his obligations to provide $35,000 and thus there was never a contract, or it was Maldonado who breached same, and, in any case, IWAPI expended more than $17,500 on beginning the concept work and thus Maldonado was not entitled to a return of funds.

In 2003 and 2004, Maldonado has stated to various IWAPI representatives that IWAPI misappropriated his confidential and proprietary information, incorporating that information into IWAPI products and/or unidentified IWAPI Patents/Applications. At those times, IWAPI has unequivocally stated to Maldonado that IWAPI has not utilized any confidential or proprietary information of Maldonado in any of its products or any of the IWAPI Patents/Applications.

In September 2009, Maldonado personally visited IWAPI's offices, again claiming that IWAPI had misappropriated his confidential and proprietary information by incorporating that information into unidentified IWAPI products and unidentified IWAPI Patents/Applications. Maldonado also reiterated his demand for repayment of monies advanced in connection with the concept development work in 2003, along with interest. IWAPI personnel were somewhat frightened by Maldonado's unannounced visit, declarations and behavior, but nevertheless continued to advise Maldonado that no Maldonado confidential or proprietary information had been incorporated into any IWAPI product or IWAPI Patents/Applications and that Maldonado was not entitled to any refund of funds advanced prior to the end of August 2003. Maldonado ultimately left IWAPI's offices, but has continued to harass IWAPI personnel via phone. IWAPI subsequently asked counsel to contact Maldonado to discuss his complaints. Counsel made that call on August 27, 2009.

By virtue of an August 28, 2009 voice message from Maldonado to counsel, Maldonado inquired as to whether counsel was authorized to accept service for a complaint against IWAPI.

An actual controversy exists between the parties as to inventorship of United States patents and patent applications assigned to IWAPI, incorporation of allegedly confidential information of Maldonado into IWAPI products, and an alleged breach of an alleged oral contract allegedly formed between the parties sometime in 2003.

Compl. for Declaratory J. ¶¶ 6-26.

7

Based upon these allegations, IWAPI's complaint requests the following forms of relief:

> The Court find and declare that IWAPI is the proper assignee of the IWAPI Patents/Applications;
>
> The Court find and declare that Maldonado did not invent any of the subject matter disclosed and/or claimed in the IWAPI Patents/Applications;
>
> The Court find and declare that Maldonado did not invent any of the subject matter disclosed and/or utilized in any IWAPI product;
>
> The Court find and declare that there never was any enforceable oral agreement between Maldonado and IWAPI;
>
> The Court find and declare that IWAPI is not liable to Maldonado for breach of an enforceable oral agreement between Maldonado and IWAPI; and
>
> The Court grant IWAPI such other and further relief at law or in equity as the Court shall deem just and proper.

Compl. for Declaratory J. at 7-8. IWAPI's motion for default judgment reiterates these requests and moves for the additional relief of "a permanent injunction precluding Mr. Maldonado from henceforth asserting any claims relating to the alleged oral agreement, IWAPI Patents/Applications or IWAPI products" and "[a]ward attorneys' fees and costs to be presented in a separate to-be-filed Application." Pl. IWAPI Inc.'s Mot. for Default J. [Docket No. 11] ¶¶ 6-7.

## II. ANALYSIS

### A. Declaratory Judgments

"In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal

relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (2006). The preceding language of the Declaratory Judgment Act implicates two separate considerations. The first is whether there is "a case of actual controversy" between the parties. "The Declaratory Judgment Act's requirement of 'a case of actual controversy' simply affirms this Constitutional requirement, having long been interpreted as referring to any case and controversy that is justiciable under Article III." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008). "For there to be a case or controversy under Article III, the dispute must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,' 'real and substantial,' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' *Prasco, LLC*, 537 F.3d at 1335-36 (quoting *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007)) (alteration marks omitted). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

Once a district court satisfies itself that an "actual controversy" exists, it then undertakes to employ the permissive language of the Declaratory Judgment Act – that a district court "*may* declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added). "[T]he discretion afforded to district courts to administer the declaratory judgment practice is

9

broad." *Innovative Therapies, Inc. v. Kinetic Concepts*, --- F.3d ----, 2010 WL 1236324, at *7 (Fed. Cir. 2010). However, a district court must consider the "equitable, prudential, and policy arguments" which weigh on the Court's discretionary decision to either entertain or dismiss a declaratory judgment action. *MedImmune*, 549 U.S. at 136.

The Court concludes that IWAPI's complaint clears both hurdles described above. First, the complaint evinces an "actual controversy" between IWAPI and Mr. Maldonado regarding the various patents, products, and alleged agreements which Mr. Maldonado put into controversy through his actions, particularly his somewhat veiled threat of a lawsuit. Second, the Court concludes that considerations of equity, prudence, and policy weigh in favor of this Court allowing the case to proceed and under the Declaratory Judgment Act. Of particular note, after allegedly escalating the controversy to the point of indirectly threatening a lawsuit, Mr. Maldonado has not moved to resolve these issues, including through participation in this lawsuit. The Court finds that the purposes of the Declaratory Judgment Act are served by permitting this case to proceed. The Court now turns to the merits of IWAPI's claims.

### B.  Non-Inventorship by Maldonado of IWAPI Patents/Applications

Under its claim regarding the inventorship of the patents and patent applications listed in the complaint, IWAPI states that "Maldonado asserts that his allegedly proprietary information has been incorporated into and/or claimed in the IWAPI Patents/Applications" and that this allegation is not true. Compl. for Declaratory J. ¶¶ 21-22. Questions of inventorship are determined as a matter of law by the Court.

*University of Pittsburgh v. Hedrick*, 573 F.3d 1290, 1297 (Fed. Cir. 2009). "The inventors named in an issued patent are presumed correct, and a party alleging misjoinder of inventors must prove its case by clear and convincing evidence." *University of Pittsburgh*, 573 F.3d at 1297. Furthermore, those challenging the inventorship of those listed in the patent "must also show that the persons to be removed did not contribute to the invention of any of the allowed claims." *University of Pittsburgh*, 573 F.3d at 1297.

Here, according to the facts in IWAPI's complaint, Mr. Maldonado is not a named inventor in the '509 and '202 Patents. By failing to appear Mr. Maldonado has forfeited his opportunity to prove either that he should be named as an inventor in these patents or that one or more of the named inventors should not be so listed. Therefore, IWAPI is entitled to a declaration "that Maldonado did not invent any subject matter disclosed and/or claimed" in the '509 and '202 Patents, *see* Compl. for Declaratory J. ¶ 24.

IWAPI's request regarding the patent applications is somewhat more problematic. As mentioned earlier, when evaluating a claim for declaratory relief, the Court is to look to the hypothetical claim that would be brought be the defendant to the action for declaratory relief. *See Mylan Pharms., Inc. v. Thompson*, 268 F.3d 1323, 1330-21 (Fed. Cir. 2001). Where, as here, a "dispute involves pending patent applications, the plaintiffs' requested relief – a declaration of the 'true' inventor – is tantamount to a request for either a modification of inventorship on pending patent applications or an interference proceeding." *HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*, --- F.3d ----, 2010 WL 1223908, at *4 (Fed. Cir. 2010). Such relief "can only be

granted by the Director of the United States Patent and Trademark Office," not district courts. *HIF Bio, Inc.*, 2010 WL 1223908, at *4-5 (citing 35 U.S.C. §§ 116, 135(a)). Where the inventorship of a patent application is at issue, district courts must dismiss the claim under Federal Rule of Civil Procedure 12(b)(6) due to the fact that no private right of action exists. *HIF Bio, Inc.*, 2010 WL 1223908, at *5. Therefore, because the Court has no power to determine inventorship with respect to patent applications, IWAPI is not entitled to a declaration regarding the '816, '168, '943, and '839 Applications.

Furthermore, without more information, the Court will draw no conclusions regarding the unidentified "other public and confidential applications" in IWAPI's complaint. Compl. for Declaratory J. ¶ 13. IWAPI's second requested declaration in its first claim – "that IWAPI is the sole and proper Assignee of the IWAPI Patents/Applications," Compl. for Declaratory J. ¶ 23 – also requires greater factual development than is available in the complaint. Based on the facts in the complaint, the Court is unable to make such an expansive statement that would apply beyond Mr. Maldonado. Furthermore, because the patent applications are not properly before the Court and the complaint does not contend that Mr. Maldonado challenged the purported assignment of those applications, no controversy exists which warrants a declaration by the Court regarding any such assignment. The facts in the complaint are sufficient to establish IWAPI's standing, however, with respect to the '509 and '202 Patents as they relate to any potential claims of Mr. Maldonado. *Cf. Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1324 (Fed. Cir. 2009) ("By our construction, [35 U.S.C.] § 256 provides a cause of action to interested parties to have the inventorship of a patent changed to

reflect the true inventors of the subject matter claimed in the patent." (quotation marks omitted)). As a result, the Court will limit the declaration to state that IWAPI has the standing, through assignment, to assert the rightful inventorship of the '509 and '202 Patents against Mr. Maldonado.

### C. Non-Use of Maldonado's Confidential Information in IWAPI Products

IWAPI's second claim states that "Maldonado asserts that his allegedly proprietary information has been incorporated into unidentified IWAPI products" and that this allegation is not true. Compl. for Declaratory J. ¶ 26. As a result, IWAPI asserts that it "is entitled to a declaration that its products do not include any allegedly protectable confidential or proprietary information allegedly owned by Maldonado." Compl. for Declaratory J. ¶ 26. With the admission of the above facts, the Court concludes that IWAPI is entitled to the requested declaration.

### D. Non-Liability for Breach of Alleged Agreement

IWAPI's third claim for relief alleges that: (1) "Maldonado claims an oral agreement existed between Maldonado and IWAPI whereby IWAPI was to perform concept development work for Maldonado in exchange for monetary consideration"; (2) "Maldonado asserts that IWAPI breached the alleged agreement"; and (3) "IWAPI denies that there was ever an enforceable agreement or, if there was an enforceable agreement, that IWAPI has breached the agreement in any way, shape or form." Compl. for Declaratory J. ¶¶ 28-30. Based on these averments, IWAPI claims that it "is entitled to a declaration that it has not breached any oral agreement with Maldonado." Compl. for Declaratory J. ¶ 31. IWAPI's sought declaration goes beyond the scope of

13

the facts alleged in complaint because it is not specific as to time. Based on the facts asserted in the third claim, and in the complaint's general factual averments, I conclude that plaintiff IWAPI is entitled to a declaration that it has not breached any oral agreement entered into in 2003 with defendant Philip M. Maldonado regarding conceptual and prototype development work to be performed by IWAPI.

### E.  Additional Requests in the Motions for Default Judgment

Although not specifically requested in its complaint, IWAPI's motion for default judgment asks the Court to "[i]ssue a permanent injunction precluding Mr. Maldonado from henceforth asserting any claims relating to the alleged oral agreement, IWAPI Patents/Applications or IWAPI products" and "[a]ward attorneys' fees and costs to be presented in a separate to-be-filed application . . . ." Pl. IWAPI Inc.'s Mot. for Default J. at 2 ¶¶ 6-7.

The Court will not grant IWAPI's sought injunctive relief.  That request was not in the complaint and IWAPI has not demonstrated why such relief would be necessary. *Cf. eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."). Furthermore, IWAPI fails to explain why the sought injunctive relief would not be sufficiently addressed through the default judgment in this case and

its potential preclusive effects. *Cf. Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1329 (Fed. Cir. 2008) ("It is well established that a default judgment can operate as res judicata in appropriate circumstances." (quotation marks and alteration marks omitted)).

IWAPI's request in its motions for default judgment for attorneys' fees in connection with this action also falters. A prevailing party in federal court may receive attorneys' fees with respect to federal claims only where provided by statute or agreement. *See Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1237-38 (10th Cir.1999) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Similarly, a prevailing party in federal court may receive attorneys' fees for state-law claims only where provided by rule, statute, or agreement. *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1177 (10th Cir. 2000). IWAPI has not cited to a rule, statute, or agreement under which it would be entitled to attorneys' fees. Without such an indication, the Court will not grant IWAPI's request.

## III. CONCLUSION

Accordingly, it is

**ORDERED** that plaintiff IWAPI, Inc.'s motions for default judgment [Docket Nos. 11, 15] are GRANTED in part and DENIED in part. Plaintiff IWAPI, Inc.'s request for a permanent injunction against defendant Philip M. Maldonado and request for an award of attorneys' fees are DENIED. Plaintiff IWAPI, Inc. may have its costs by filing a bill of costs within fourteen days of the date of this order. It is further

**ORDERED** that the Clerk of the Court shall forthwith enter Default Judgment in favor of plaintiff IWAPI, Inc. and against defendant Philip M. Maldonado. That judgment shall incorporate the following declarations:

Pursuant to its authority under 28 U.S.C. § 2201(a), the Court DECLARES that

(1) plaintiff IWAPI, Inc. has standing, through assignment, to assert the rightful inventorship of U.S. Patent Nos. 7,355,509 and 7,572,022 against defendant Philip M. Maldonado;

(2) defendant Philip M. Maldonado did not invent any subject matter disclosed and/or claimed in U.S. Patent Nos. 7,355,509 and 7,572,022;

(3) defendant Phillip M. Maldonado did not invent any of the subject matter disclosed and/or utilized in any of plaintiff IWAPI, Inc.'s products;

(4) plaintiff IWAPI, Inc. has not breached any oral agreement with defendant Philip M. Maldonado entered into in 2003 regarding conceptual and prototype development.

DATED April 28, 2010.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge